UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIFFANNYE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:20-cv-1264 |
| | ) |
| DEFENDERS, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Tiffannye Johnson ("Plaintiff"), hereby files this lawsuit against Defendant, Defenders, Inc. ("Defendant"), pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and 42 U.S.C. § 1981 ("Section 1981").

**PARTIES**

2. Plaintiff has resided within the Southern District of Indiana at all relevant times.

3. Defendant is incorporated in Indiana and operates and conducts business in the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 42 U.S.C. § 1981, 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 1988.

5. Plaintiff was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Plaintiff satisfied her obligations to exhaust her administrative remedies, having timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission.

She received her "Dismissal and Notice of Rights" on her Charge and now timely files her lawsuit within ninety (90) days after receipt of said Notice.

8. Venue is proper in this Court under 28 U.S.C. § 1931(b)(1).

## FACTUAL ALLEGATIONS

9. Plaintiff is an African-American female.

10. Plaintiff began her employment with Defendant on or about May, 2016, as a Sales Agent.

11. Shortly after the commencement of her employment with Defendant, Plaintiff noticed that other, similarly situated Sales Agents who were not African-American and/or were not female were receiving better working conditions and sales opportunities than Plaintiff.

12. Despite these disadvantages, Plaintiff achieved significant sales success with the Defendant, consistently earning positive reviews and eventually earning Defendant's "Hero" designation as a top seller.

13. Despite her success Plaintiff was consistently subjected to and the witness of preferential treatment for white and/or male employees. Additionally, Plaintiff was harassed on the basis of her race and sex.

14. On multiple occasions throughout her employment, Plaintiff complained to Defendant regarding the ongoing harassment and preferential treatment. Plaintiff was always told that Defendant would look into her complaints but, on information and belief, no investigations or other responses were forthcoming.

15. Again, in August 2019, Plaintiff complained to her supervisor, Rachel Snell, regarding sex and race harassment and discrimination. Plaintiff's conduct was statutorily protected activity.

16. Following her August complaint, management began harassing Plaintiff in the form of unwarranted discipline. Defendant alleged that Plaintiff had poor attendance, despite Plaintiffs's exemplary sales record and status as a "Top Closer", a designation Defendant gave to its top sales agents.

17. Other male and or white sales agents, and even members of management, had similar or worse attendance records than Plaintiff yet were not disciplined.

18. After she was given a written warning, Plaintiff again complained to Defendant that the discipline was unwarranted, discriminatory and retaliatory given that others with similar or worse attendance records were not discipline. Plaintiff's complaint constituted statutorily protected conduct.

19. Following this final complaint, and without any other progressive discipline in violation of Defendant's own policies, Plaintiff was terminated.

20. At all times relevant, Plaintiff met or exceeded Defendant's legitimate performance expectations.

## COUNT I

## TITLE VII – RACE DISCRIMINATION

21. Plaintiff hereby incorporates paragraphs 1-20 of her Complaint.

22. Defendant took adverse employment actions against Plaintiff when it disciplined her and terminated her employment based on her race.

23. Other, similarly situated employees who are not African-American were treated more favorably than Plaintiff and were not subjected to the same adverse employment actions as Plaintiff.

24. Defendant's unlawful actions were intentional, willful, and done in reckless

disregard of Plaintiff's rights as protected by Title VII.

## COUNT II

## TITLE VII – SEX DISCRIMINATION

25. Plaintiff hereby incorporates paragraphs 1-24 of her Complaint.

26. Defendant took adverse employment actions against Plaintiff when it disciplined her and terminated her employment based on her sex.

27. Other, similarly situated employees who are not female were treated more favorably than Plaintiff and were not subjected to the same adverse employment actions as Plaintiff.

28. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

## COUNT III

## SECTION 1981 – RACE DISCRIMINATION

29. Plaintiff hereby incorporates paragraphs 1-28 of her Complaint.

30. Defendant took adverse employment actions against Plaintiff when it disciplined her and terminated her employment based on her race.

31. Other, similarly situated employees who are not African-American were treated more favorably than Plaintiff and were not subjected to the same adverse employment actions as Plaintiff.

32. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Section 1981.

## COUNT IV

## TITLE VII AND SECTION 1981 - RETALIATION

33. Plaintiff hereby incorporates paragraphs 1-32 of her Complaint.

34. Defendant took adverse employment actions against Plaintiff when it disciplined her and terminated her employment based on her engagement in statutorily protected activity.

35. Other, similarly situated employees who had not engaged in similar protected activity were treated more favorably than Plaintiff and were not subjected to the same adverse employment actions as Plaintiff.

36. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Section 1981 and Title VII.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Tiffannye Johnson, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to her in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay compensatory and punitive damages to Plaintiff;

4. Defendant pay liquidated damages to Plaintiff;

5. Defendant pay pre- and post-judgment interest to Plaintiff;

6. Defendant pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

7. Defendant pay to Plaintiff any and other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,


John H. Haskin, Attorney No. 7576-49
Keenan D. Wilson, Attorney No. 32195-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: kwilson@jhaskinlaw.com
Attorneys for Plaintiff: Tiffannye Johnson

## DEMAND FOR JURY TRIAL

Plaintiff, Tiffannye Johnson, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,


John H. Haskin, Attorney No. 7576-49
Keenan D. Wilson, Attorney No. 32195-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: kwilson@jhaskinlaw.com
Attorneys for Plaintiff: Tiffannye Johnson